IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVIN NATHAN, #N31473,**

        **Plaintiff,**

vs.

**FAIYAZ AHMED, M.D., et al.**

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)

Case No. 21-cv-597-RJD

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motions for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 50, 51, 53, 55, 56). Plaintiff did not respond. As explained further, Defendants' Motions are GRANTED.

### Background

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on June 16, 2021. Doc. 1. At that time, he was incarcerated at Lawrence Correctional Center ("Lawrence"). In his Complaint, he alleged that he suffered from chronic back pain at Lawrence from at least 2013-2020. Doc. 10. However, because he named Lawrence as the only Defendant, his Complaint was dismissed pursuant to 28 U.S.C. §1915A for failing to state a claim upon which relief could be granted. *Id*. In the meantime, Plaintiff transferred to a different prison, Robinson Correctional Center ("Robinson"), where he remains today.[1] Doc. 6. The Court granted leave to Plaintiff to file an amended complaint. Doc. 10. In his First Amended Complaint (filed on April 26, 2022), Plaintiff alleged that he learned that he broke a bone in his lower back in 2013,

---

[1] https://idoc.illinois.gov/offender/inmatesearch.html (last accessed Feb. 24, 2024).

Page 1 of 6

but never received surgery or any other treatment for it at Lawrence. Doc. 11. Plaintiff named Defendants Cunningham, Ahmed, Shah, and Wexford Health Sources, Inc. (a company that contracts to provide medical care to inmates within the Illinois Department of Corrections) as Defendants, but did not allege any facts that gave rise to a viable claim against any Defendant. Doc. 12. As a result, the Court dismissed the First Amended Complaint again pursuant to 28 U.S.C. §1915A. *Id.*

Plaintiff then filed his Second Amended Complaint on July 14, 2022. The Second Amended Complaint again contained claims against Defendants Cunningham, Ahmed, Shah and Wexford, as well as Nurse Practitioner Luking. The Court found that the following claims survived the threshold review conducted pursuant to 28 U.S.C. §1915A:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference by Defendants Shah, Ahmed, and Luking for their ongoing refusal to change an ineffective course of care for Plaintiff's chronic back issues and subsequent hip problem; |
| Count 2: | Eighth Amendment deliberate indifference by Defendant Cunningham for turning a blind eye to Plaintiff's repeated grievances and requests for care. |
| Count 3: | Monell claim against Wexford for maintaining a cost saving policy that delayed or denied him care; |
| Count 4: | State law negligence claim related to the denial of medical care. |

Defendants now move for summary judgment, citing Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff's grievance records reflect that he never fully exhausted any grievances against Defendants regarding his claims in this suit.

## Legal Standards

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-*

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably

feasible under the circumstances." *Id*. §504.830(e). The Chief Administrative Officer then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

### **Plaintiff's Grievance Records**

Counsel for Defendants Shah, Luking, and Wexford subpoenaed Plaintiff's grievance records from the Administrative Review Board, requesting a date range of January 1, 2013-July 10, 2023. Doc. 56-1, p. 4-6. Those records reflect that the only grievances Plaintiff ever appealed to the ARB were received by the ARB in August and September 2022. *Id*., p. 11. Plaintiff's Amended Complaint and Second Amended Complaint were filed in April and July 2022, respectively.

In his Second Amended Complaint, Plaintiff provided the following explanation for how he had exhausted his administrative remedies prior to filing suit:

> I wrote several grievances to medical about these issues, but never got[] any of these grievances back. However, I wrote another one and first copied it to have proof. This grievance is in my [court] file as [Doc. 11, p. 5-6]…..no response. Verbal response that Plaintiff is on waiting list.

Doc. 16, p. 5. For their motions for summary judgment, Defendants summarized Plaintiff's grievance records from Lawrence Correctional Center. Plaintiff's grievance records reflect that in January 2014, he submitted a grievance regarding treatment for his back pain; it did not identify any of the defendants in this case. Doc. 51-2, p. 55. The counselor noted that "Dr. Coe" said Plaintiff was seen in the health care unit in July 2013 for back pain, received medication, and could

return to the health care unit for further back treatment if he desired. *Id.* Plaintiff's grievance records also reflect that in February 2018, Plaintiff submitted a grievance asking to be placed in a single cell and for additional treatment for the broken bone in his back. Doc. 51-1, p. 37-39. The grievance officer recommended that the grievance be denied and the Warden concurred. *Id*. From April 2019-April 2021, Plaintiff submitted seven grievances for review at Lawrence. The counselor responded to all seven grievances, but they were never submitted to the grievance officer or Warden. Doc. 53-4.

## Discussion

The exhaustion requirement "give[s] the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (emphasis in the original) (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). The Seventh Circuit takes "a strict compliance approach to exhaustion." *Crouch*, 27 F.4th at 1320 (internal quotations and citations omitted). When an inmate files an amended complaint that raises a new claim against a new defendant, the inmate may proceed if he exhausted his administrative remedies *after* filing his original complaint, but *before* he filed for leave to amend the complaint. *Chambers,* 956 F.3d at 984.

The Court and Defendants warned Plaintiff that his failure to file a response to the Defendants' summary judgment motions may result in the Court granting the motions and dismissing this case. Docs. 47, 52, 54, and 57. The time for Plaintiff to respond to Defendants' motion passed five months prior to the Court ruling on this motion. Defendants' summary judgment motions reflect that Plaintiff never completed the steps in the grievance process prior to filing his First Amended Complaint.

Plaintiff alleged in his Second Amended Complaint (and is reflected in some of his grievance records) that his counselor would send his grievances related to medical treatment to Defendant Cunningham for review. Doc. 16, p. 12-13; Doc. 51-2, p. 31, 33, 35. Once the

counselor received the grievance[s] back from Defendant Cunningham and then provided his (the counselor's) response, Plaintiff did not submit the grievance to the grievance officer or the Warden, except for the February 2018 grievance where Plaintiff asked for additional treatment for his back without identifying any of the defendants in this case. Plaintiff also alleges in his Second Amended Complaint that he sent grievances directly to Defendant Cunningham, who ignored and/or destroyed them, but the grievance process required Plaintiff to send his grievance to his counselor and then the grievance officer, not the administrator of the health care unit.

Until 2022, Plaintiff never submitted a grievance to the ARB. He submitted three grievances to the ARB in 2022, but after he had already filed both his First Amended and Second Amended Complaints. Doc. 56-1, p. 11. Moreover, none of those grievances were related to his allegations against Defendants. *Id*.

In sum, Plaintiff never completed the grievance process for any of his claims in this case. Consequently, Defendants' Motions for Summary Judgment (Docs. 50, 53, and 55) are GRANTED. This case is dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 26, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**